**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.  10-cv-02593-WJM-KLM

PANDAW AMERICA, INC., and
PAUL G. STRACHAN,

     Plaintiffs,

v.

PANDAW CRUISES INDIA PVT. LTD.,
EXOTIC JOURNEYS PVT. LTD, conspirator participant entity,
EXOTIC HOSPITALITY PVT. LTD, conspirator participant entity,
GAJRAJ WILDLIFE RESORTS PVT, LTD, conspirator participant entity,
HERITAGE RIVER CRUISES, conspirator participant entity,
RAJ SINGH, conspirator participant individual,
ATTAR SINGH, conspirator participant individual,
GAJENDRA SINGH, conspirator participant individual,
VISHNU SINGH SINSINWAR, conspirator participant individual,
ASHRAFI DEVI, conspirator participant individual,
SANJAY SAHAY, conspirator participant individual,
ATUL BHATT, conspirator participant individual,
VARIOUS PANDAW INTERNET DOMAIN PROPERTIES, in rem,
www.bengalpandaw.com, www.pandaw.in, www.pandawcruisesindia.com, and
JOHN DOE(S), individuals, entities, and properties inclusively,

     Defendants.

---

**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS**

---

Plaintiffs Pandaw America, Inc. and Paul Strachan (jointly "Plaintiffs") bring claims against the above-listed Defendants for trademark infringement, unfair competition, misappropriation, and cyberpiracy.  (Complaint (ECF No. 1) at 20-36.) Before the Court is Defendants' Joint Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Motion").  (ECF No.

39.) For the reasons set forth below, the Motion is granted in part and denied in part.

## I. LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(2) is to test whether the Court has personal jurisdiction over the named parties. Plaintiffs bear the burden of establishing personal jurisdiction over all of the Defendants. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir.1984). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further. The Court will accept the well-pled allegations (namely the plausible, nonconclusory, and nonspeculative facts) of the complaint as true to determine whether Plaintiffs have made a prima facie showing that personal jurisdiction exists. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). Any factual conflicts must be resolved in the plaintiff's favor. *Wentz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). To defeat the plaintiff's prima facie case, a defendant "must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *OMI Holdings v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

## II. FACTUAL BACKGROUND

Plaintiff Pandaw America is a corporation based in Colorado that is the United States arm of the larger multi-national Pandaw organization. (ECF No. 1 ¶ 2.) The larger Pandaw organization operates river cruises in various countries throughout the world. (*Id*. ¶ 15.) Plaintiff Paul Strachan is the president and owner of the larger

Pandaw organization. (*Id*. ¶ 3.)  The Court will refer to these entities collectively as Pandaw.

Pandaw owns United States Trademark registration 3,021,969 ("Pandaw Mark"). (*Id*. ¶ 17.)  The Pandaw Mark was registered in 2005 in connection with travel agency services.  (*Id*. ¶¶ 17-18.)  Pandaw is also the owner of the website http://www.pandaw.com.  (*Id*. ¶ 20.)

Defendant Pandaw Cruises India Pvt. Ltd. ("Pandaw India") is an Indian corporation that was formed in 2004 and began operating cruises on the Ganges River in 2009.  (ECF No. 40 ¶¶ 2, 6.)  From 2004 until 2009, Defendants Exotic Journeys Pvt. Ltd. And Exotic Hospitalities Pvt. Ltd. were the shareholders of Pandaw India.  (*Id*. ¶¶ 2, 5.)  In 2009, all shares of Pandaw India were transferred to Defendant Gajraj Wildlife Resorts Pvt. Ltd. and an entity not involved in this action, Pandaw Cruises PTE, Ltd.[1] (ECF No. 40-2 at 4.)  The Complaint also names various individuals, whose roles in the above-listed corporate entities are discussed in greater detail in the analysis section below.

Pandaw India registered three domain names to promote their Ganges River cruises: (1) bengalpandaw.com; (2) pandaw.in; and (3) pandawcruises.com.[2]  (ECF No. 1 ¶ 29; ECF Nos. 1-5, 1-6, 1-7.)  These websites prominently displayed the Pandaw Mark and emphasized the Pandaw name in marketing the cruises.  (ECF No. 1-4.) Pandaw India also used the Pandaw Mark in its advertisement and marketing materials.

---

[1] It appears Pandaw Cruises PTE, Ltd. is owned and/or controlled by Plaintiff Strachan. (ECF No. 40 ¶¶ 5, 8.)

[2] These websites are named as *in rem* Defendants to this action.  (ECF No. 1.)

(ECF Nos. 1-8 - 1-11.)  Plaintiffs allege that Pandaw India's use of the Pandaw Mark caused consumer confusion and resulted in Plaintiffs receiving numerous inquiries about Pandaw India's Ganges River cruises.  (ECF No. 1 ¶¶ 37-39.)

On August 16, 2010, Plaintiffs sent Defendant Raj Singh, Pandaw India's director, a cease-and-desist letter demanding that Pandaw India stop using the Pandaw Mark.  (ECF No. 1 ¶ 41, ECF No. 40-3.)  In response, Pandaw India changed its name to Heritage River Cruises, Pvt. Ltd ("Heritage").  (ECF No. 40 ¶ 13.)  Defendant Heritage then registered the following websites: (1) www.thegangescruise.com; and (2) www.thegangescruise-us.com.  (ECF No. 1-4 at 42.)  These websites promoted Pandaw India/Heritage's Ganges River cruises.

Based on these facts, Plaintiffs bring claims of statutory and common law trademark infringement, statutory and common law unfair competition, common law misappropriation, and cyberpiracy.  (ECF No. 1.)  Defendants have collectively moved to dismiss the Complaint and assert that the Court does not have personal jurisdiction over them.  (ECF No. 39.)

### III.  ANALYSIS

The Tenth Circuit has established a two-part test for personal jurisdiction: "First, we ask whether any applicable statute authorizes service of process on defendants. Second, we examine whether the exercise of statutory jurisdiction comports with constitutional due process demands."  *Dudnikov v. Chalk v. Vermilion Fine Arts, Inc.*, 415 F.3d 1063, 1070 (10th Cir. 2008).  Plaintiffs assert that there are two statutes that authorize service of process on Defendants: (1) the Colorado long-arm statute—Colo. Rev. Stat. § 13-1-124; and (2) Federal Rule of Civil Procedure 4(k)(2).  The Court will

examine each in turn below.

**A.     Colorado's Long-Arm Statute**

In Colorado, the state's long arm statute—Colo. Rev. Stat. § 13-1-124— "confers the maximum jurisdiction permissible consistent with the Due Process Clause." *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005).  Thus, the Court need only address the constitutional question of whether the exercise of personal jurisdiction over Defendants comports with due process.  *Dudnikov*, 514 F.3d at 1070 (10th Cir. 2008) (noting that the inquiry into whether any statute authorizes service of process "effectively collapses into the second, constitutional, analysis" in Colorado).

To determine whether personal jurisdiction is proper under the Constitution, a court first looks to find minimum contacts within the forum state.  *See Int'l Shoe Co. V. State of Washington*, 326 U.S. 310, 316 (1945).  The focus is on protecting one's liberty interest in not being subject to "the binding judgments of a forum with which [the defendant] has established no meaningful contacts, ties, or relations." *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quotations and citation omitted).  If minimum contacts are established, the court then determines whether exercise of personal jurisdiction would be reasonable.  *Int'l Shoe Co.*, 326 U.S. at 316.  The standard of reasonableness is measured by whether an exercise of jurisdiction would offend "traditional notions of fair play and substantial justice."  *Id*.

"[T]he question of whether a non-resident defendant has the requisite minimum contacts with the forum state to establish *in personam* jurisdiction must be decided on the particular facts of each case."  *Benton v. Cameco Corp.*, 375 F.3d 1070, 1076 (10th

Cir. 2004) (internal quotation marks omitted). "[T]he individual nature of the [personal jurisdiction] determination makes it extremely difficult to compare precisely the unique circumstances and outcomes of different cases." *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1273 (Colo. 2002).

The minimum contacts analysis differs depending on whether it arises from specific or general jurisdiction. *OMI Holdings*, 149 F.3d at 1090–91. A court may assert specific jurisdiction "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King*, 471 U.S. at 472 (internal citations and quotations omitted). General jurisdiction, on the other hand, "arises when a defendant maintains continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Plaintiffs' Complaint alleges that the Court has both general and specific jurisdiction over Defendants. (Compl. ¶ 12.) However, in their opposition to the instant Motion, Plaintiffs abandon their general jurisdiction claim. (ECF No. 41 at 8 n.2.) Thus, the Court will examine only whether Defendants had sufficient contacts with Colorado so as to invoke specific personal jurisdiction.

A court may exercise specific jurisdiction when the defendant has purposefully directed its activities to the forum state and where the underlying alleged injury arises out of or relates to the defendant's activities in the forum state. *Found. for Knowledge in Dev. v. Interactive Design*, 234 P.3d 673, 678 (Colo. 2010). This is a two prong

analysis, where the Court must determine (1) "whether the defendant purposefully availed himself of the privilege of conducting business in the forum state;" and (2) "whether the litigation 'arises out of' the defendant's forum-related contacts." *Id*. (quoting *Archangel*, 123 P.3d at 1194). Within this analysis, the Court considers the "quantity *and* quality" of Defendants' contacts in Colorado. *OMI Holdings*, 149 F.3d at 1092 (emphasis in original).

Plaintiffs have failed to establish that Defendants had sufficient minimum contacts with Colorado to warrant specific jurisdiction. A defendant has "purposefully directed" its activities at Colorado or its residents when it has (1) taken intentional action, (2) that was expressly aimed at Colorado, (3) with the knowledge that the brunt of the injury from the action would be felt in Colorado. *Dudnikov*, 514 F.3d at 1071; *see also Impact Prods., Inc. v. Impact Prods., LLC*, 341 F.Supp.2d 1186, 1190 (D. Colo. 2004). Nothing in the record suggests that Defendants purposefully direct any of their activities specifically at Colorado.[3] The allegedly offending website generally advertises the cruises that Defendants offer in India. It does not collect money or allow interested parties to book cruises. Rather, the website directs interested individuals to contact agents in California via a toll-free phone number. (ECF No. 41-6.) A website of this nature is considered "passive". *See Soma Medical Intern. v. Standard Chartered Bank*,

---

[3] Plaintiffs allege that Defendants directed their activities at Colorado by sending promotional materials to an individual in Colorado. (ECF No. 41 at 5-6.) However, Plaintiffs admit that their agent requested such materials. (*Id.*) The Court cannot consider unilateral activities of the Plaintiffs or their agents in determining whether Defendants directed their activities at Colorado. *See Burger King*, 471 U.S. at 474 (unilateral activities of the plaintiff or third parties "cannot satisfy the requirement of contact with the forum state."). The Court must focus solely on Defendants' activities and whether they have purposefully directed their activities at Colorado residents. *Id*. at 475.

196 F.3d 1292, 1296-99 (10th Cir. 1999). The Tenth Circuit has held that a passive website is not "expressly aimed" at Colorado and, therefore, does not subject Defendants to personal jurisdiction in Colorado. *Id*.

Accordingly, the Court finds that Plaintiffs have failed to show that Defendants have sufficient minimum contacts with Colorado so as to subject Defendants to personal jurisdiction under the Colorado long-arm statute.

**B.   Federal Rule of Civil Procedure 4(k)(2)**

Federal Rule of Civil Procedure 4(k)(2) provides, in relevant part: "For a claim that arises under federal law, serving a summons . . . establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). In essence, Rule 4(k)(2) acts as "a sort of federal long-arm statute." *United States v. Swiss American Bank, Ltd.*, 191 F.3d 30, 36 (1st Cir. 1999). It allows a court to exercise personal jurisdiction over a defendant if: (1) the plaintiff's claim arises under federal law; (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (3) the exercise of jurisdiction comports with due process. *Synthes (U.S.A.) v. G.M. Dos Reis Jr.*, 563 F.3d 1285, 1293-94 (9th Cir. 2009); *World Tanker Carriers Corp. v. M/V Ya Mawlaya*, 99 F.3d 717, 720 (5th Cir. 1996).[4] The Court will examine each of these prongs in turn below.

    1.   <u>Claim Arises Under Federal Law</u>

Plaintiffs' Complaint brings six claims, three of which arise under federal law: (1)

---

[4] The Tenth Circuit has yet to address Fed. R. Civ. P. 4(k)(2). Accordingly, the Court will look to other circuits for guidance on the application of the Rule.

trademark infringement in violation of 15 U.S.C. § 1114; (2) unfair competition in violation of 15 U.S.C. § 1125(a); and (3) cyberpiracy in violation of 15 U.S.C. § 1125(d). (ECF No. 1.)

Defendants argue that Plaintiffs' claims do not truly arise under federal law: "[W]hat Plaintiffs have framed as a trademark infringement dispute is in reality only a thinly veiled cover for a power grab for an Indian company, based on agreements and licenses granted under Indian law." (ECF No. 39 at 18-19.) In so arguing, Defendants are essentially asking the Court to disregard how the claims are pled in the Complaint. However, Defendants cite no case law showing that the Court has the authority to do so.

Moreover, the existence of a license or other agreement to use a trademark is an affirmative defense against a trademark infringement claim. *See Creative Gifts, Inc. V. UFO*, 235 F.3d 540, 547-48 (10th Cir. 2000). Thus, Defendants are free to defend against Plaintiffs' claims by asserting their license or other agreement to use the trademark. But the fact that they have this defense does not convert Plaintiffs' trademark claims into a contract dispute. Plaintiffs have pled trademark infringement and other federal claims and, therefore, the Court finds that Plaintiffs have satisfied the first prong of the Rule 4(k)(2) test.

2. <u>Defendants Not Subject to Personal Jurisdiction in any State</u>

The second prong of the Rule 4(k)(2) test requires that the defendant not be subject to personal jurisdiction in any of the fifty states. Rather than requiring the plaintiff to meet the onerous burden of proving that the defendant is not subject to personal jurisdiction in any of the 50 states, most circuits have taken the following

approach:

> A defendant who wants to preclude the use of Rule 4(k)(2) has only to name some other state in which the suit could proceed. Naming a more appropriate state would amount to a consent to personal jurisdiction there. . . . If, however, the defendant contends that he cannot be sued in the forum state and refuses to identify any other state where suit is possible, then the federal court is entitled to use Rule 4(k)(2). This procedure makes it unnecessary to traipse through the 50 states, asking whether each could entertain the suit.

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001) (citations omitted); *see also Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir. 2009); *Holland Am. Line, Inc. v. Wartsila N.A.*, 485 F.3d 450, 461 (9th Cir. 2007); *Mwani v. bin Laden*, 417 F.3d 1, 11 (D.C. Cir. 2005); *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 651 (5th Cir. 2004). Because of the widespread agreement amongst the circuits, the Court presumes that the Tenth Circuit would adopt this approach.

Defendants here contend that they are not subject to personal jurisdiction in any state in the United States. (ECF No. 56 at 5-7.) Accordingly, the Court finds that the second prong of the Rule 4(k)(2) analysis is satisfied.

3. Due Process

Under Rule 4(k)(2), the Court makes the same constitutional inquiry into the quantity and quality of the Defendants' contacts with the forum as discussed above. However, the forum in this analysis is the United States as a whole rather than Colorado. *Synthes*, 563 F.3d at 1295. Thus, the Court must determine whether: (1) Defendants have purposefully directed their activities at residents of the United States;

(2) Plaintiffs' claims arise out of or relate to Defendants' activities with the forum; and

(3) the assertion of personal jurisdiction over Defendants would be fair and reasonable. *Id*. at 1297.

Plaintiffs must show that personal jurisdiction is proper over each individual Defendant. *Rush v. Savchuk*, 444 U.S. 320, 332 (1980) ("The requirements of *International Shoe* . . . must be met as to each defendant over whom a state court exercises jurisdiction.") Therefore, the Court will separately consider whether the it would comport with due process to exercise personal jurisdiction over each individual Defendant.

        a.    Entity Defendants

Plaintiffs bring their claims against the following entities: (1) Pandaw Cruises India Pvt. Ltd.; (2) Exotic Journeys Pvt. Ltd.; (3) Exotic Hospitality Pvt. Ltd.; (4) Gajraj Wildlife Resorts Pvt. Ltd.; and (5) Heritage River Cruises Pvt. Ltd. (ECF No. 1.) Heritage is the successor entity to Pandaw Cruises. (ECF No. 40 ¶ 10.) The other entities are or were shareholders in Pandaw India/Heritage. (*Id*. ¶¶ 2, 5.) Defendants Raj Singh and Vishnu Singh Sinsinwar are directors of all of these entities. (*Id*. ¶¶ 1-2.) Because all of these entities have common ownership and control, the Court will consider all of them together as the "Entity Defendants".

The Court finds that the Entity Defendants have purposefully directed their activities towards residents of the United States. The Entity Defendants have registered at least two different websites: http://thegangescruise.com and http://thegangescruise-us.com (the "U.S. website") to market their cruises worldwide. (ECF Nos. 1-4 & 41-6.) "The intended market for business conducted through a

website can be determined by considering the focus of the website as a whole." *Graduate Mgmt. Admission Council v. Raju*, 241 F.Supp.2d 589, 598 (E.D. Va. 2003). The relevant question is whether the website is "designed to attract or serve a [United States] audience." *Young v. New Haven Advocate*, 315 F.3d 256, 263 (4th Cir. 2002).

The U.S. website states that it is "designed for travel agents" and directs users to contact two agents located in the United States "to help provide U.S.-based administrative functions and facilitate the booking and payment process for North American travel agents and their customers." (ECF No. 41-6 at 3.) The U.S. website has directions for traveling to India from the United States, including information on which airlines have flights from the United States to the cruise's port cities. (*Id*. at 5.) Additionally, the Entity Defendants maintain a phone number that is toll-free for persons calling from the United States. (ECF No. 41-6.) Thus, the Court finds that the Entity Defendants have purposefully directed their activities at United States residents. *See Graduate Mgmt. Admission Council*, 241 F.Supp.2d at 598 (under substantially similar circumstances, court found that website was designed to attract a United States audience).

The Court also finds that Plaintiffs' claims relate to the activities that the Entity Defendants direct towards the United States. Until Pandaw India recently changed its name to Heritage, and, in conjunction, changed the websites from www.bengalpandaw.com, www.pandaw.in, and www.pandawcruisesindia.com, to www.thegangescruise.com and www.thegangescruise-us.com, Plaintiffs' Pandaw Mark was a prominent aspect of the websites. (*See* ECF No. 1-4.) Plaintiffs' Complaint

alleges that Defendants' use of the Pandaw Mark in online and print advertisement caused actual consumer confusion in the United States. (ECF No. 1 at 25-26; ECF No. 41-1 ¶¶ 23-24.) Thus, the Court finds that Plaintiffs' claims in this case relate to the Entity Defendants' websites and advertising materials, which are targeted to United States residents.

Finally, the Court finds that assertion of jurisdiction over the Entity Defendants would be fair and reasonable. In determining whether the exercise of jurisdiction is reasonable, the Court must look at the following factors: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental substantive social policies. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (198). Having found that the Entity Defendants directed their activities at United States residents and that Plaintiffs' claims arise out of these activities, jurisdiction is "presumptively constitutional, and the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 324 (3d Cir. 2007) (quoting *Burger King*, 471 U.S. at 477).

As previously noted, under Rule 4(k)(2), the forum is the entire United States. As these claims involve United States intellectual property laws, the forum clearly has significant interest in resolving this dispute. *See Sunshine Distribution Inc. v. The Sports Authority Michigan, Inc.*, 157 F.Supp.2d 779, (E.D. Mich. 2001) ("United States obviously has an interest in enforcing its statutes.").

Plaintiff Pandaw America is a United States corporation based in Colorado. (Compl. ¶ 2.) It coordinates all United States oriented sales and marketing of Pandaw cruises as well as use of the Pandaw Mark in the United States. (ECF No. 41-1 ¶¶ 4-5.) Thus, litigating these intellectual properties issues in the United States would be more convenient for Plaintiffs.

Defendants principal argument against the assertion of personal jurisdiction is that defending this action in the United States would cause an undue burden. (ECF No. 39 at 16-17.) However, the Entity Defendants have purposefully marketed their cruises towards the United States consumer and, as such, should have reasonably anticipated that they would be subject to litigation in this country. Given the United States's interest in enforcing its intellectual property laws, and the fact that the Entity Defendants willingly chose to market their product to U.S. consumers, the Court finds that the burden on the Entity Defendants is outweighed by the other factors. Accordingly, the Court finds that it would be fair and reasonable, and comport with due process, to exercise personal jurisdiction over the Entity Defendants.

  b.  Individual Defendants

Plaintiffs' Complaint brings claims against the following individuals: Raj Singh, Attar Singh, Gajendra Singh, Vishnu Singh Sinsinwar, Ashrafi Devi, Sanjay Sahay, and Atul Bhatt (collectively, the "Individual Defendants"). The Individual Defendants argue that Plaintiffs have failed to state a claim against them[5] in their individual capacities as

---

[5] The individually named Defendants repeatedly argue that the Complaint fails to state a claim against them. The Court questions the relevance of this argument, however, because the instant Motion was filed pursuant to Federal Rule of Civil Procedure 12(b)(2) and not 12(b)(6). In the instant Motion, the Court may only consider whether it has personal jurisdiction

-14-

all of the allegations involve actions taken by the entities. (ECF No. 39 at 23.) They also argue that the corporate veil should not be pierced so as to expose any of them to individual liability. (*Id.*)

Defendants' argument regarding piercing the corporate veil is misguided. In a trademark infringement case, the Court does not undertake the traditional veil piercing analysis. Rather, a claim for trademark infringement may be asserted against a stockholder or officer of a corporation who is responsible for his corporation's infringing activities. *Feder v. Videotrip Corp.*, 697 F.Supp. 1165, 1177 (D. Colo. 1988); *see also Lottie Joplin Thomas Trust v. Crown Publishers, Inc.*, 456 F.Supp. 531, 537 (S.D.N.Y. 1977) ("[a]n individual, including a corporate officer, director or stockholder, who causes a corporate defendant to infringe, or personally participates in the acts constituting infringement, is jointly and severally liable for the infringement"). Liability may be based on the individual's knowledge of and participation in the infringing conduct. *See Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971) ("one who, with knowledge of the infringing activity induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer"). However, actual intent to infringe is not necessary for liability

---

over each Defendant. *See* Fed. R. Civ. P. 12(b)(2). Defendants are free to separately file a Rule 12(b)(6) motion challenging the legal sufficiency of the allegations against them. If they choose to pursue this route, however, the Court directs Defendants to WJM Practice Standard III.D.1, which requires the parties to meaningfully confer prior to filing a Rule 12(b)(6) motion and to specifically discuss whether any alleged defect could be cured through amendment of the pleadings. The Court takes this conferral requirement seriously and enforces it vigorously. As it appears Plaintiffs' Complaint was over inclusive to a fault in regards to naming Defendants, it would be in everyone's best interest if the parties conferred as to who the actual actors in the various entities are with respect to the material allegations in this suit, and amended the pleadings accordingly.

under the Act. *Lottie Joplin*, 456 F.Supp. at 537. Therefore, individual liability may be imposed on a corporate officer who had no knowledge of the infringement, but who had: (1) the right and ability to supervise the infringing activity; and (2) a direct financial interest in such activity. *Feder*, 697 F.Supp. at 1177.

Defendants Raj Singh and Vishnu Singh Sinsinwar are directors of all of the Entity Defendants. (ECF No. 40 ¶¶ 1-2.) The Court therefore has little trouble finding that they had the right and ability to supervise the infringing activity and a direct financial interest in such activity. For the same reasons applicable to the Entity Defendants, the Court also finds that it would not violate due process to exercise personal jurisdiction over Defendants Raj Singh and Vishnu Singh Sinsinwar.

Defendant Gajendra Singh is a director of Gajraj Wildlife Resorts. (ECF No. 1-2 at 9.) Gajraj holds 60% of the stock of Pandaw Cruises India and Heritage River Cruises. (ECF No. 40 ¶ 5.) The Court therefore finds that Gajendra Singh had a financial interest in the marketing of the Ganges River cruises to United States consumers, which is the allegedly infringing activity. The Court also finds that, as a director of the majority shareholder of Pandaw India/Heritage, Gajendra Singh also had the ability to control the infringing activity. Accordingly, the Court finds that it does not violate due process to exercise personal jurisdiction over Gajendra Singh.

Defendant Sanjay Sahay is listed as a registrant of all of the websites at issue here. (ECF No. 1-4 at 42, 1-5, 1-6, 1-7.) He is also listed as the administrative, technical, and billing contact for these websites. (*Id*.) These websites are central to Plaintiffs' claims in this case. (ECF No. 1.) Therefore, the Court finds that Sahay had the ability to control the infringing activity and that it would not violate due process to

exercise personal jurisdiction over Defendant Sanjay Sahay.

Defendant Ashrafi Devi is Raj Singh's mother. (ECF No. 39-2 ¶ 2.) She has no interest in Heritage, Exotic Hospitality or Gajraj Wildlife Resorts. (*Id*. ¶ 17.) Devi was formerly a director of Exotic Journeys but resigned due to health issues in 2010. (*Id*. ¶ 19.) Exotic Journeys was a shareholder entity of Pandaw India between 2004 and 2009. (ECF No. 40 ¶ 2.) However, in 2009, its interest was transferred to Gajraj and Pandaw Cruises Pvt. (*Id*. ¶ 5.) Therefore, any activity that Devi would have directed at the United States consumer would have occurred between 2004 and 2009. The Complaint does not contain any allegation of infringement that occurred prior to 2010. (ECF No. 1.) Therefore, the Court finds that none of Plaintiffs' claims relate to any activity that Defendant Devi directed at the United States consumer. Accordingly, the Court finds that Plaintiffs have failed to show that their claims relate to any activity directed at the forum by Devi. Therefore, exercising personal jurisdiction over Devi would violate due process.

Defendant Attar Singh was Raj Singh's father and has been deceased since 1972. (ECF No. 40 ¶ 3.) Plaintiffs' Complaint alleges that they have been using the Pandaw Mark since 1998 and that the infringement began in 2010. (ECF No. 1 ¶ 16.) Thus, Attar Singh was deceased before any of the alleged infringement occurred and he could not have had the right or ability to supervise any of that infringement. Accordingly, the Court finds that it cannot exercise personal jurisdiction over Attar Singh.

Defendant Atul Bhatt runs the cruise vessel in India for Heritage. (ECF No. 39-3 ¶ 24.) He is not involved with sales or marketing of the cruises. (*Id*.) He is an

-17-

employee of Heritage Cruises but has no control over the entity and no ownership interest in any of the Entity Defendants. (*Id.* ¶¶ 17-18.) Given this undisputed evidence, the Court finds that Defendant Bhatt did not direct any activities at the United States consumer. Therefore, the Court cannot exercise personal jurisdiction over Defendant Bhatt.

        c.    *In rem* Defendant websites

Plaintiffs' Complaint names three websites and alleges *in rem* jurisdiction over them. (ECF No. 1.) However, when a mark owner is able to locate the registrant of a website and is able to bring claims against that individual or corporate entity, it is not permitted to also proceed *in rem* against the website itself. *See Alitalia-linee Aeree Italiane S.p.A. v. Casinoalitalia.com*, 128 F.Supp.2d 340, 344 (E.D. Va. 2001) ("A mark owner may proceed *in personam* against an infringer or, in certain circumstances where this cannot be done, the owner may proceed *in rem* against the domain name; a mark owner may not proceed against both at the same time."). Because Plaintiffs have been able to locate the registrant of the websites named here, they cannot also proceed against the websites *in rem*. Accordingly, the Court finds that Plaintiffs' *in rem* claims against the websites must be dismissed.

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS the following:

1.     The Motion to Dismiss (ECF No. 39) is DENIED as to the following Defendants:

> Pandaw Cruises India Pvt. Ltd.
> Exotic Journeys Pvt. Ltd.
> Exotic Hospitality Pvt. Ltd.
> Gajraj Wildlife Resorts Pvt. Ltd.

        Heritage River Cruises Pvt. Ltd.
        Raj Singh
        Gajendra Singh
        Vishnu Singh Sinsinwar and
        Sanjay Sahay

2. The Motion to Dismiss (ECF No. 39) is GRANTED and Plaintiffs' claim are DISMISSED WITHOUT PREJUDICE as to the following Defendants:

        Attar Singh
        Ashrafi Devi
        Atul Bhatt
        www.bengalpandaw.com
        www.pandaw.in
        www.pandawcruisesindia.com

3. The Clerk shall amend the caption to reflect the dismissal of the above parties and all further filings by the parties shall be titled accordingly.

Dated this 6th day of February, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge