IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02593-WJM-KLM

PANDAW AMERICA, INC., and
PAUL G. STRACHAN,

    Plaintiffs and Counter-Defendants,

v.

GAJENDRA SINGH, conspirator participant individual, and
SANJAY SAHAY, conspirator participant individual,

    Defendants,

PANDAW CRUISES INDIA PVT. LTD.,
EXOTIC JOURNEYS PVT. LTD, conspirator participant entity,
EXOTIC HOSPITALITY PVT. LTD, conspirator participant entity,
GAJRAJ WILDLIFE RESORTS PVT. LTD, conspirator participant entity,
HERITAGE RIVER CRUISES, conspirator participant entity,
RAJ SINGH, conspirator participant individual, and
VISHNU SINGH SINSINWAR, conspirator participant individual,

    Defendants, Counterclaimants, and Third-Party Plaintiffs,

v.

PANDAW CRUISES PTE. LTD., SINGAPORE,

    Third-Party Defendant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court *sua sponte*. On March 29, 2013, the Court ordered Plaintiff Paul G. Strachan ("Plaintiff") to show cause why his claims should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) [Docket No. 89]. Specifically, I

noted that

> on August 13, 2012, Plaintiff Strachan's ("Plaintiff") former counsel withdrew from representing him in this case [Docket Nos. 71].  Since that time, Plaintiff, who is now appearing *pro se* and has a Scotland address, has not filed anything, including a response to pending summary judgment motions [##77, 78], or otherwise communicated with the Court.  According to counsel for Defendants, Counterclaimants, and Third-Party Plaintiffs, Plaintiff "has been completely unresponsive [with counsel's efforts to confer] since his previous attorneys withdrew on 8/13/12, and has informed third parties that he has 'abandoned' his U.S. litigation." [#85] at 2.

*Order to Show Cause* [#89] at 1-2.  Despite the Court's clear warning about the consequences for failure to respond to the Order to Show Cause, Plaintiff did not respond by the show cause deadline.  As the Court sets forth in detail below, Plaintiff's conduct to date demonstrates a lack of interest in prosecuting this case as well as a failure to comply with Local Rules.  Because Plaintiff is proceeding *pro se*, the Court has given Plaintiff multiple opportunities to prosecute his case.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court is not Plaintiff's advocate and must nevertheless recommend dismissal if circumstances warrant that outcome.  *See Hall*, 935 F.3d at 1110.

For the reasons provided below, I respectfully **RECOMMEND** that Plaintiff's claims be **DISMISSED with prejudice** as a sanction pursuant to Fed. R. Civ. P. 41(b).

## I. Background

By way of giving context to the Court's Recommendation, the Court provides the following background.  On October 22, 2010, Plaintiff, along with Plaintiff Pandaw America, Inc., filed the present lawsuit alleging various claims of copyright infringement, trademark infringement, unfair competition, misappropriation, and cyberpiracy. *Compl.* [#1] at 20-36.

In the Complaint, Plaintiff stated that he "is the licensor to Pandaw America, Inc. . . . [and] is also the president and owner of certain other international Pandaw organizations, doing business worldwide that comprise original and genuine Pandaw family of [sic] entities." *Id.* at 2-3. At that time, Plaintiff, along with Plaintiff Pandaw America, Inc., was represented by counsel. However, on August 13, 2012, Plaintiffs' counsel were given leave to withdraw [#71] based upon their representation that they could no longer represent Plaintiff pursuant to Colo. RPC 1.16(b)(1), (5), (6), and (7).[1] *Motion to Withdraw* [#69] at 2. In my Order granting withdrawal, I informed Plaintiff that he was "under a legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court." *Order* [#43] at 2. The Court further informed Plaintiff that if he determined he could not move forward with the case as a *pro se* plaintiff, he could "move to voluntarily dismiss his claims." *Id.* at 2. In addition, the Court warned Plaintiff that "his failure to defend the counterclaims brought against him may result in the imposition of default judgment or other sanctions." *Id.* at 2. In addition, the letter exhibit attached to the Order again informed Plaintiff that he had an obligation to participate in the case and that failure to do so may result in the imposition of sanctions, "up to and including either dismissal . . . or entry of judgment against you." *Letter* [#71-1] at 2. The Order was mailed to Plaintiff at his address in Scotland. Plaintiff Pandaw America, Inc. retained new counsel [#73], but Plaintiff did not do so.

---

[1] The Court notes that these reasons for withdrawal include that "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled" and "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." Colo. RPC 1.16(b)(5)-(6).

After Plaintiff's failure to participate in this matter either by responding to the pending motion for summary judgment or conferring with Defendants' counsel, I issued the Order to Show Cause that is at issue here. I clearly warned Plaintiff that his failure to respond would result in dismissal of his claims. *Order* [#89] at 2. Plaintiff failed to timely respond or show cause.

## II. Findings

The Court finds that Plaintiff has failed to meaningfully participate in his case. Specifically, Plaintiff's failure to comply with the Court's Order to Show Cause [#89], failure to respond to a pending motion for summary judgment, and failure to respond to Defendants' communications regarding this litigation are collectively viewed as a failure to prosecute his claims.

## III. Analysis

Given Plaintiff's conduct, the Court considers whether Plaintiff's claims should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[2] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the

---

[2] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e

amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [his] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

### A.    Prejudice to Defendants

From a review of the case file, I find that Plaintiff's neglect of his claims has prejudiced Defendants. They defended the lawsuit in good faith, attended a hearing, and prepared Court documents. Moreover, allowing the claims to proceed when Plaintiff is unresponsive to Defendants' communications and has specifically stated that he intends to abandon his claims in this litigation has prejudiced Defendants' ability to defend against the allegations made by Plaintiff in his Complaint and would require Defendants to expend further unnecessary time and expense to defend against a case which Plaintiff appears to

---

see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

have no interest in prosecuting on his own. This factor weighs in favor of dismissal.

### B.   Interference with the Judicial Process

I conclude that Plaintiff's failure to prosecute his claims, and specifically his failure to comply with a Court Order and the Local Rules, necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to comply with a Court Order and the Local Rules evidences lack of respect for the Court and the judicial process. In particular, Plaintiff's neglect has caused me and my staff to expend unnecessary time and effort. The Court's frequent review of the case file and issuance of this Recommendation increase the workload of the Court and take its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished decision). Further, Plaintiff's failure to participate in this action has made it impossible for Defendants to move forward with this case. Plaintiff has not responded to a pending motion for summary judgment nor has he responded to counsels' attempts to confer with him regarding his opposition to various motions as required by D.C.COLO.LCivR 7.1A. This factor weighs in favor of dismissal.

### C.   Culpability of Plaintiff

Plaintiff has, without providing any excuse, ignored his case responsibilities and failed to move his claims forward. The Court provided Plaintiff with ample opportunities to litigate his claims, but since August 2012, he has chosen not to participate. As a voluntary


*pro se* litigant, it is solely Plaintiff's responsibility to ensure that he complies with case deadlines, Court Orders and applicable rules. *See, e.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Considering the history of this case, I must conclude that Plaintiff's failures have been willful, and that he is therefore responsible for his own noncompliance. This factor weighs in favor of dismissal.

### D. Advance Notice of Sanction of Dismissal

Plaintiff was warned by the Court that he risked dismissal of his case if he failed to move the case forward [#89]. *Pro se* litigants are required to read and follow the rules of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Accordingly, it should be no surprise to Plaintiff that his failure to prosecute his claims could result in the sanction of dismissal. Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support dismissal, the Court's efforts to advise Plaintiff of the potential for dismissal in this case do not prevent this result.

### E. Efficacy of a Lesser Sanction

Finally, I conclude that no sanction less than dismissal would be effective. Although Plaintiff is proceeding *pro se*, that does not excuse his neglect here. *See Green*, 969 F.2d at 917. In addition, given that Plaintiff has not been in contact with the Court for several months and has specifically informed third parties of his intention to abandon his claims in this litigation, the Court doubts that a monetary or evidentiary sanction would be practical or effective. Considering the history of the case, it is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.

## IV. Conclusion

I respectfully **RECOMMEND** that Plaintiff's claims be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that the Order to Show Cause [#89] is made **ABSOLUTE**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 6, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge