**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02593-WJM-KLM

PAUL G. STRACHAN,

    Plaintiff/Counter-Defendant,

v.

PANDAW CRUISES INDIA PVT. LTD.,
EXOTIC JOURNEYS PVT. LTD,
EXOTIC HOSPITALITY PVT. LTD,
GAJRAJ WILDLIFE RESORTS PVT, LTD,
HERITAGE RIVER CRUISES, PVT. LTD,
RAJ SINGH,
VISHNU SINGH SINSINWAR,

    Defendants/Counter-Plaintiffs.

---

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR SUMMARY JUDGMENT**

---

The only claims remaining in this business dispute are those brought by Pandaw Cruises India Pvt. Ltd., Exotic Journeys Pvt. Ltd., Exotic Hospitality Pvt. Ltd., Gajraj Wildlife Resorts Pvt. Ltd., Heritage River Cruises Pvt. Ltd., Raj Singh, and Vishnu Singh Sinsinwar (collectively "Counter-Plaintiffs") against Paul Strachan for breach of contract, unjust enrichment, and abuse of process. (ECF No. 63.)

Before the Court is Counter-Plaintiffs' Motion for Summary Judgment ("Motion"). (ECF No. 78.) The time for filing a response has long since passed and Strachan has failed to oppose the Motion. Thus, the Motion is ripe for review. For the reasons set forth below, the Motion is granted in part and denied in part.

## I.  LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party.  *Anderson*, 477 U.S. at 248.  The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

As noted above, the time for responding to the Motion has passed and Mr. Strachan has failed to file any opposition.  However, the Court must consider the merits of the motions and cannot grant a motion for summary judgment based solely on Plaintiff's failure to respond.  *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (holding that a district court cannot grant an unopposed motion for summary judgment unless the moving party has first met its burden of production and demonstrates it is legally entitled to judgment under rule 56).  When a party fails to

respond to a motion for summary judgment, a district court can properly grant the motion only "if the motion demonstrates no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Id*. at 1196. Failure to respond does "not relieve the court of its duty to make the specific determination required by Fed. R. Civ. P. 56(c)." *Id*.

## II. FACTUAL BACKGROUND

Counter-Plaintiffs Exotic Journeys Pvt. Ltd., Exotic Hospitality Services Pvt. Ltd., and Gajraj Wildlife Resorts Pvt. Ltd. are Indian companies involved in the tourism industry. (ECF No. 39 at 4-5.) Counter-Plaintiffs Raj Singh and Vishnu Singh Sinsinwar are the principals of these entities. (*Id.*) The Court will refer to these Counter-Plaintiffs as the "Singh Companies".

Counter-Defendant Paul Strachan is the director of Pandaw Cruises Limited, which controls Pandaw Cruises Pte. Ltd., Singapore ("Pandaw Singapore"). (ECF No. 78 at 2.) Pandaw Singapore holds the rights to the "Pandaw" trademark ("Mark"). (ECF No. 78[1] at 2-3.)

On September 2, 2004, Pandaw Singapore's Board of Directors approved the formation of a joint venture with the Singh Companies under the name "Pandaw India". (*Id.* at 3.) Pandaw Singapore voted to permit Pandaw India's use of the Mark for promoting river cruises in India. (*Id.*) In exchange for use of the Mark, Pandaw Singapore was given 40% of the shares of Pandaw India and Strachan was made a

---

[1] Because the Motion is unopposed, the Court deems admitted all well-supported facts contained in the Motion. Therefore, the Court's factual recitation will cite primarily to the Motion.

director. (*Id.*) The other director was Raj Singh, who controls Gajraj Wildlife Resorts Pvt. Ltd., which holds the remaining 60% interest in Pandaw India. (*Id.*)

Pandaw India ran its first river cruises in 2009. (ECF No. 40 ¶ 6.) As the cruises became successful, the relationship between Strachan and Raj Singh grew contentious as both desired control of Pandaw India. (*Id.* ¶ 7.)

On August 26, 2010, Strachan sent Pandaw India a letter stating that it must completely stop using the Mark by September 8, 2010. (*Id.* at 4.) Pandaw India complied with this request and changed its name to Heritage River Cruises, Pvt. Ltd. (*Id.* at 5.) Shortly thereafter, Strachan sent Heritage a letter stating that it could resume use of the Mark if it would agree to appoint three new directors of Strachan's choosing to the board of directors. (*Id.*) When Heritage declined, Strachan (along with Pandaw America, a company that he controls) initiated this action for trademark infringement. (ECF No. 1.) In response, Counter-Plaintiffs brought claims for breach of contract, unjust enrichment, and abuse of process against Pandaw America, Strachan, and Pandaw Singapore. (ECF No. 63.)

On January 11, 2013, Pandaw America and the Defendants/Counter-Plaintiffs settled their claims against each other and Pandaw America has been dismissed from the case. (ECF No. 74.) At the same time, counsel for Strachan withdrew and he was left *pro se*. (ECF No. 69.) Strachan has since stopped participating in this litigation and, as a result, his copyright infringement claims were dismissed by the Court on June 4, 2013. (ECF Nos. 90-91.) There is no indication that Pandaw Singapore was ever properly served with process in this case. (*See* ECF Nos. 76 & 79.) Thus, the only

claims remaining in this case are Counter-Plaintiffs claims against Strachan individually.

### III. ANALYSIS

Counter-Plaintiffs move for summary judgment on all of their claims. As stated above, the only claims remaining are the Counter-Plaintiffs' claims against Strachan for breach of contract, unjust enrichment, and abuse of process, each of which will be discussed in turn below. (ECF No. 63.)

**A.     Breach of Contract**

To prevail on their breach of contract claim, Counter-Plaintiffs must show: (1) the existence of a valid contract; (2) performance by Counter-Plaintiffs; (3) breach by Strachan; and (4) damages that resulted from that breach. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Counter-Plaintiffs acknowledge that there was never a written contract between Strachan and the Singh Companies (or any other Counter-Plaintiff) but argue that a valid contract existed nonetheless. (ECF No. 78 at 15.) Counter-Plaintiffs contend that the terms of the contract were that Pandaw India received the right to use the Mark to promote its cruises and, in exchange, Strachan was made a director of Pandaw India, Pandaw Singapore was given a 40% interest in Pandaw India, and Pandaw Singapore received a substantial portion of the proceeds from cruises sold by Pandaw India. (*Id.* at 15-16.)

Assuming that Counter-Plaintiffs have shown the existence of a valid contract and that they performed on such contract, their claim nonetheless fails because they have failed to show a breach. Counter-Plaintiffs allege that Strachan's August 26, 2010

letter demanding that Pandaw India stop using the Mark breached the licensing agreement between Pandaw Singapore and and Pandaw India. (ECF No. 78 at 15-16.) However, again assuming that an enforceable licensing agreement existed[2], the record contains no evidence as to the intended duration of the licensing agreement. A licensing agreement that is for an unfixed duration is terminable at the will of the holder of the trademark. *See Trace Minerals Research, L.C. v. Mineral Res. Int'l, Inc.*, 505 F. Supp. 2d 1233, 1241 (D. Utah 2007) (citing 2 McCarthy on Trademarks § 18:43). Counter-Plaintiffs have failed to show that they held the right to use the Mark for any fixed amount of time, and, therefore, the Court finds that there is a dispute as to whether the licensing agreement was terminable at will or whether the August 26, 2010 letter was a breach of the contract at issue in this case.

As Counter-Plaintiffs have failed to show that they would succeed on an essential element of their breach of contract claim, summary judgment on this claim is not appropriate.

**B.      Unjust Enrichment**

Counter-Plaintiffs also move for summary judgment on their unjust enrichment claim. (ECF No. 78 at 17.) Unjust enrichment is a form of quasi-contract claim that does not depend on an actual promise between the parties. *Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1205 (Colo. App. 2009). The elements of an unjust enrichment claim are: (1) the defendant received a benefit; (2) to the detriment of the

---

[2] It is worth noting that the enforceability of an oral licensing agreement is questionable unless it could be fulfilled within a year. *See Commonwealth Film Processing, Inc. v. Courtaulds*, 717 F. Supp. 1157, 1158 (W.D. Va. 1989) (statute of frauds requires licensing agreement to be in writing if term is longer than one year).

plaintiff; and (3) it would be unjust to permit the defendant to retain that benefit. *Robinson v. Colo. State Lottery Div.*, 179 P.3d 9988, 1007 (Colo. 2008).

Counter-Plaintiffs contend that it would be unjust to permit Strahan's company to retain a 40% interest in Pandaw India/Heritage[3] in light of the fact that the license to use the Mark has been revoked.  (ECF No. 78 at 17.)  The Court agrees that there is a seeming unfairness to the situation.  However, the only party over which this Court has jurisdiction is Paul Strahan himself, and he does not personally hold the 40% interest in Pandaw India/Heritage.  Instead, the 40% interest is held by Pandaw Singapore.  (ECF No. 78 at 3-4.)

While Pandaw Singapore is named as a Defendant in the Third-Party Claim, there is no evidence that it was ever properly served with process in this case.  (*See* ECF Nos. 76 & 79.)  As such, even if the Court were to agree that it would be unjust for Pandaw Singapore to retain its interest in Heritage, the Court lacks the ability to order Pandaw Singapore to turn over its shares.  *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1968) ("It is elementary that one is not bound by a judgment *in personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process"); *Okla. Radio Assoc. v. FDIC*, 969 F.2d 940, 943

---

[3] It appears that Pandaw India and Heritage are not two separate entities.  Rather, Heritage is the current name of the company formerly known as Pandaw India.  (ECF No. 78-9 at 4.)

(10th Cir. 1992) ("[S]ervice of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served."); *Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1226 (D.N.M. 2012) (judgment entered against party that had not been properly served is void).

Counter-Plaintiffs also argue that Strachan should be forced to disgorge the profits he received from the river cruises sold for the 2009 season. (ECF No. 78 at 17-18.) However, Pandaw India was using the Mark until it received the letter from Strachan in August 2010. (ECF No. 78-9 at 3.) Thus, during the season in which these profits were made, Heritage was still operating as Pandaw India and using the Mark. (*Id.*) There is no evidence that Counter-Plaintiffs have continued to provide Strachan with a portion of the profits after he revoked the license.

Because Counter-Plaintiffs were getting their benefit of the bargain when the profits from the 2009 season were made, it is not unjust for Strachan to retain those profits, even after he withdrew the license to use the Mark. Therefore, with respect to the profits for the 2009 season, the Court finds that Counter-Plaintiffs have failed to meet their burden with respect to the third prong of the unjust enrichment claim.

For the reasons set forth above, the Court cannot say that Counter-Plaintiffs are entitled to judgment as a matter of law on their unjust enrichment claim and, accordingly, their Motion is denied as to this claim.

**C.    Abuse of Process**

Counter-Plaintiffs next move for summary judgment on their abuse of process claim. (ECF No. 78 at 18.) In Colorado, to prevail on an abuse of process claim, a

plaintiff must show that: (1) the party who commenced a judicial proceeding did so with an ulterior motive; (2) that party undertook willful actions that are not proper in the regular conduct of a civil action; and (3) damages resulted therefrom. *Walker v. Van Laningham*, 148 P.3d 391, 394 (Colo. App. 2006).

Counter-Plaintiffs allege that Strachan commenced this action as a power grab to gain control over Heritage's Board of Directors. (ECF No. 78 at 5.) As Strachan has not opposed the Motion, the Court has no contrary evidence. As such, the Court finds that Counter-Plaintiffs have shown that there is no dispute of fact as to whether this action was commenced for an ulterior motive.

The Court also finds that the manner in which Strachan prosecuted this action falls outside the regular conduct of a civil action. The Complaint in this case is devoid of multiple facts that are essential to the disposition of this case. (ECF No. 1.) For example, the Complaint makes it appear as if Counter-Plaintiffs had no relationship with Strachan or any of his companies (including Pandaw Singapore, which is a holder of 40% of Heritage), and were instead simply taking advantage of the goodwill associated with the Mark. There is no mention of the existing and ongoing business relationship between the parties. (*Id.*) While the Court expects zealous advocacy, the way in which this case was filed and initially prosecuted went beyond that. Accordingly, the Court finds that there is no dispute as to whether Strachan conducted this litigation in a manner that falls outside the regular conduct of a civil action.

Finally, the Court finds that Counter-Plaintiffs suffered damages as a result of Strachan's actions. Though none of the Counter-Plaintiffs reside in the United States, they have been forced to obtain an attorney in this country to defend against Strachan's

claims. Counter-Plaintiffs filed, and were partially successful on, a Motion to Dismiss for lack of personal jurisdiction. (ECF Nos. 39 & 58.) Despite Strachan having essentially abandoned this litigation, Counter-Plaintiffs were forced to file the instant Motion to protect their interests. There is no dispute as to the fact that, but for Strachan's actions, Counter-Plaintiffs would not have been required to expend the money for their attorney's fees and other costs associated with this litigation.

The Court finds that Counter-Plaintiffs have met their burden of showing a lack of factual dispute as to whether they are entitled to judgment as a matter of law on their abuse of process claim. Accordingly, the Court finds that Counter-Plaintiffs are entitled to judgment in their favor on this claim.

As to the amount of the judgment, the Court finds that all expenses incurred up to this point fall under the rubric of abuse of process. However, should Counter-Plaintiffs choose to pursue their breach of contract and/or unjust enrichment claims beyond this point, the fees and costs they incur will not be the result of Strachan's decision to bring this action. Rather, from this point forward, Counter-Plaintiffs will be pursuing this action for the purpose of succeeding on their own claims. Because the costs and fees incurred to pursue the breach of contract and unjust enrichment claims are not the result of Strachan's decision to commence this litigation for an ulterior motive, the Court will not award those fees and costs on the abuse of process claim.

Should Counter-Plaintiffs elect to dismiss their claims for breach of contract and unjust enrichment, the Court will promptly enter judgment in their favor on the abuse of process claim. Counter-Plaintiffs will be required to file an affidavit establishing the amount of their fees and costs incurred to this point in the litigation, and the Court will

consider the reasonableness of the same before entering judgment. However, should Counter-Plaintiffs choose to pursue their remaining claims, the Court will hold off on entering judgment on the abuse of process claim until all claims are resolved.

### D.     Breach of Fiduciary Duty

Counter-Plaintiffs also bring a claim against Strachan for breach of fiduciary duty. (ECF No. 63 at 26.) The damages claimed by Counter-Plaintiffs on this claim are the legal fees it incurred defending against this action. (ECF No. 78 at 21.) Because the Court has already ruled that Counter-Plaintiffs are entitled to recover their legal fees on the abuse of process claim, any finding in Counter-Plaintiffs' favor on the breach of fiduciary duty claim would not result in any additional damages. *See Clappier v. Flynn*, 605 F.2d 519, 530 (10th Cir. 1979) (double recovery occurs when "alternative theories seeking the same relief are pled and tried together."); *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1259 (10th Cir. 1988) (where a jury award duplicates damages, the court must reduce the judgment by the amount of the duplication).

Because the Court cannot permit Counter-Plaintiffs to recover the same damages twice, it need not decide whether they have shown that they are entitled to judgment as a matter of law on the claim for breach of fiduciary duty. Accordingly, the Motion is denied as to this claim.

### IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Counter-Plaintiffs' Motion for Summary Judgment (ECF No. 78) is GRANTED as to the claim for abuse of process but DENIED in all other respects;

2. Not later than August 21, 2013, Counter-Plaintiffs shall file a status report indicating their intent to proceed on their breach of contract and unjust enrichment claims; and

3. On or before August 28, 2013, Counter-Plaintiffs shall file an affidavit and supporting documentation regarding the fees and costs expended to date on this legal action.

Dated this 14th day of August, 2013.

BY THE COURT:

William J. Martinez
United States District Judge