**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.  10-cv-02593-WJM-KLM

PAUL G. STRACHAN,

      Counter-Defendant,

v.

PANDAW CRUISES INDIA PVT. LTD.,
EXOTIC JOURNEYS PVT. LTD,
EXOTIC HOSPITALITY PVT. LTD,
GAJRAJ WILDLIFE RESORTS PVT, LTD,
HERITAGE RIVER CRUISES, PVT. LTD,
RAJ SINGH,
VISHNU SINGH SINSINWAR,

      Counter-Plaintiffs.

---

**ORDER AWARDING PARTIAL ATTORNEYS' FEES AND DECLINING
JURISDICTION OVER REMAINING CLAIMS**

---

On June 4, 2013, the Court dismissed all claims brought by Paul Strachan for
failure to prosecute.  (ECF No. 91.)  After this Order, the only claims remaining were
Counter-Plaintiffs' claims against Strachan for breach of contract, unjust enrichment,
and abuse of process.  On August 14, 2013, the Court granted in part and denied in part
Counter-Plaintiffs' Motion for Summary Judgment on these remaining claims.  (ECF No.
93.)  The Court found that summary judgment was not appropriate on the breach of
contract and unjust enrichment claims, but granted summary judgment in favor of
Counter-Plaintiffs on the abuse of process claim.  (*Id.*)  The Court awarded Counter-
Plaintiffs their attorneys' fees and costs as damages for the abuse of process claim, and
ordered Counter-Plaintiffs to file an affidavit of fees and costs.  (*Id.* at 12.)

On October 1, 2013, Counter-Plaintiffs filed their Affidavit of Costs and Fees. (ECF No. 97.)  In a Status Report, Counter-Plaintiffs indicated that they intend to continue pursuing their breach of contract and unjust enrichment claims.  (ECF No. 94.) The Court will address each of these remaining issues in turn below.

## I.  AMOUNT OF DAMAGES ON ABUSE OF PROCESS CLAIM

As noted above, the Court previously found that Counter-Plaintiffs were entitled to collect damages on their abuse of process claim, and that the amount of such damages was "all expenses incurred up to this point."  (ECF No. 93 at 10.)  Counter-Plaintiffs have submitted an Affidavit of Fees and Costs ("Affidavit") which states that they have expended $234,780.79 on attorneys' fees and costs.  (ECF No. 97.)

Implicit in any award of attorneys' fees is the concept that any such fees must be reasonable.  *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986) (party requesting attorneys' fees has burden to "prove and establish the reasonableness of each dollar, each hour, above zero"); *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (prevailing party must make good faith effort to exclude from a fee request any excessive, redundant or otherwise unnecessary hours).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckhardt*, 461 U.S. 424, 433 (1983).  This is commonly referred to as the "lodestar method" for calculating fees.  *Id.*  The best evidence of reasonable fees is "meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.'"  *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th

Cir. 1983)).  The prevailing party must make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433.

## A.    Fees for Work Done by Counsel in India

Counter-Plaintiffs have requested $17,213.76 for services performed by Pankaj Bhatia, an attorney in India ("Indian Counsel").  (ECF No. 97 ¶¶ 12-13.)  The Court finds the record insufficient to permit the Court to determine the reasonableness of this portion of the fee request.  Counter-Plaintiffs have submitted what appears to be a four-page invoice from Indian Counsel.  (ECF No. 97-3.)  Each page of this invoice relates to a particular task performed on a particular date.  (*Id.*)  The description of these tasks is: (1) "Counsel's fee for carried out inspection in the Registrar of Trademarks at India"; (2) "Counsel's fee for conference with Mr. Anolik Inc."; (3) "Counsel's fee for drafting of reply proposed to be filed on behalf of defendants and prior conference"; (4) "Counsel's fee for opinion regarding procedure for service of summons in India given to Mr. Anolik and constant feed back of pending litigation in India".  (*Id.*)  Although Counter-Plaintiffs assert that Indian Counsel charges between $400-$800 per hour (the higher end of which is quite excessive), they have provided no documentation as to the number of hours Indian Counsel worked on each task.

Where an attorney engages in block billing or fails to provide adequate documentation establishing the reasonableness of its fee request, the Court may properly reduce a fee award.  *See Jane L.*, 61 F.3d at 1510.  As the party seeking fees, Counter-Plaintiffs bear the burden of providing the required documentation.  *See Mares*,

801 F.2d at 1201.  The Court finds that Counter-Plaintiffs have utterly failed to meet their burden with respect to the fees incurred by Indian Counsel.  The descriptions provided for the work performed by Indian Counsel are not sufficient to permit the Court to determine whether such actions are even related to this case.  More importantly, there is no evidence of the numbers of hours spent by Indian Counsel on any particular task.

Given the dearth of information about the work performed by Indian Counsel, the Court finds it appropriate to decline to award any attorney's fees for this work.  *See Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000).

## B.    All other Fees

In addition to Indian Counsel, Counter-Plaintiffs have been represented by three attorneys in the United States in this case (collectively "U.S. Counsel").  The billing rates for these attorneys is: (1) Alexander Anolik - $395.00 per hour; (2) Jonathan Harriman - $275.00 per hour; and (3) Adam Anolik - $275.00 per hour.  (ECF No. 97 ¶ 6.)  Though Counter-Plaintiffs have failed to provide *any* information about the training or qualifications of these attorneys, the Court does not find that their billing rates are unreasonable for the Denver market.

However, the Court finds the number of hours expended by U.S. Counsel—743.69—to be the most egregious over-larded petition for attorney's fees the Court has ever seen.  (*See* ECF Nos. 97-1 & 97-2.)  Assuming an attorney billed eight hours a day to this case[1], he would have to spend 93 days—or more than three months,

---

[1]  Based on the undersigned's experience, to bill eight hours a day to a case requires that the attorney work at least 10-12 hours in that day.

assuming no weekends or holidays—working solely on this case.  Had this been a complex matter which had gone to trial, or through to appeal, the Court would not be surprised to see figures this high.  However, this case was not complex and did not come anywhere close to reaching trial.

This case started as a straight-forward copyright action brought by an American corporation and its principal against a variety of entities in India.  (ECF No. 1.)  Counter-Plaintiffs' first involvement in this case was a Motion to Dismiss for Lack of Personal Jurisdiction, which the Court granted in part.  (ECF Nos. 39 & 58.)  Counsel for the opposing party withdrew shortly after the Scheduling Order was entered, and Counter-Plaintiffs then entered into a settlement agreement with the American corporation.  (*See* ECF Nos. 71 & 74.)  Counter-Defendant, the principal of the corporation, stopped participating in this case, and his claims were dismissed for failure to prosecute.  (ECF Nos. 89 & 91.)  Counter-Plaintiffs then moved for summary judgment on their counter-claims, which not opposed by Counter-Defendant, so no reply brief was filed.  (ECF No. 78.)

Perhaps more notable than what occurred in this case is what did not occur.  The Court conducted no substantive hearings.  Counter-Plaintiffs' counsel was required to appear only for scheduling and status conferences, and each time was permitted to participate by phone.  Therefore, U.S. Counsel spent no time traveling and incurred no costs for these appearances.  Additionally, there were no discovery disputes.  In fact, there is no indication that any substantive discovery was exchanged, or that any

depositions were taken.[2]  Thus, there was no need to spend time reviewing documents, responding to interrogatories, preparing for depositions, traveling to depositions, taking or defending depositions, or reviewing transcripts.  Finally, this case has gotten nowhere near trial; a final pretrial order has never been entered.  Therefore, counsel has not had to prepare trial briefs, motions *in limine*, drafted any proposed jury instructions, or prepared witnesses for trial.

The Court recognizes that this was not the simplest copyright or breach of contract case, because of the international nature of the businesses and the complex relationship between the parties.  However, all that really occurred in this case were two substantive motions: one motion to dismiss for lack of personal jurisdiction, and one unopposed motion for summary judgment.

Additionally, the Court has noted a number of improprieties on the billing sheets, which calls into question the veracity of the entries overall.  For example, on September 21, 2012, there are duplicate entries for a call between Alexander Anolik and Raj Singh. (ECF No. 97-1 at 44.)  The same occurred on November 1, 2012.  (*Id.* at 46.)  More significantly, on April 25, 2011, Adam Anolik allegedly ***billed 20.2 hours to this case in one single day.***  (*Id.* at 13.)  Given the time needed to eat, sleep, and generally take care of oneself, the Court finds it impossible to believe that this entry is accurate.

Among the factors that the Court is to consider in fashioning a reasonable fee

---

[2]  Counter-Plaintiffs appear to have been preparing to conduct some discovery, but then they reached a settlement with Pandaw America.  (ECF No. 97-1 at 34-35.)  There are no billing entries that indicate any discovery actually occurred.

award are: (1) whether the tasks being billed would normally be billed to a paying client; (2) the number of hours spent on each task; (3) the complexity of the case; (4) the number of reasonable strategies pursued; (5) the responses necessitated by the maneuvering of the other side; and (6) potential duplication of services by multiple lawyers. *See Ramos*, 713 F.2d at 554.  The Court finds that most of these factors weigh against an award of fees that remotely approaches the amount requested by Counter-Plaintiffs.  As set forth above, the proceedings that occurred in this case were neither complex nor time-consuming.  The opposing party did not engage in significant maneuvering; in fact, there was no active opposition during much of the case.  There are a number of seemingly unnecessary conferences between counsel and other questionable billing practices.  Finally, the hours expended on relatively simple tasks are grossly excessive, bordering on the fraudulent.  Courts in California may routinely award such grotesque amounts of attorney's fees for the quantity and caliber of the work performed in this action, but the courts, and in particular this federal court, in Colorado most emphatically do not.

Given all of the above, the Court finds that the amount of fees requested by Counter-Plaintiffs should be significantly reduced across the board.  Rather than attempting to reduce the billing statements line by line, the Court finds it most prudent to deduct the fees sought for the work of Indian Counsel and then reduce the remaining amount by 75%.  After these reductions, the Court find that a reasonable fee is $53,391.76.  The Court will also award the costs requested by Counter-Plaintiffs (except those incurred by Indian Counsel), in the amount of $3,641.04.

The Court previously ordered that Counter-Plaintiffs' damages on the abuse of

process claim was the amount of fees and costs incurred to this point.  The Court has found that a reasonable amount for fees and costs is $57,032.80.  Therefore, the Court will direct the entry of judgment in favor of Counter-Plaintiffs in that amount.

## II.  REMAINING CLAIMS

The only claims that remain pending in this case are Counter-Plaintiffs' claims against Paul Strachan for breach of contract and unjust enrichment.  Though the issue has not been raised by any party, the Court has an independent duty to examine its jurisdiction at every stage of the litigation.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  This case was filed in this Court based on the federal nature of the original copyright claims and the fact that one of the original Plaintiffs—Pandaw America—is a Colorado Corporation.  (ECF No. 1.)  Because the Court had original jurisdiction over Plaintiffs' copyright claims, it had supplemental jurisdiction over the Counterclaims and Third-Party Claims.  *See* 28 U.S.C. § 1367.

Pandaw America—the only entity with any connection to Colorado—settled all claims against it in January 2013.  (ECF No. 74.)  The Court dismissed Plaintiff Strachan's copyright claims in May 2013.  (ECF No. 90.)  The only claims remaining in this case are for breach of contract and unjust enrichment, both of which are state law claims.  A federal court does not have independent jurisdiction over state law claims unless those state law claims "turn on substantial questions of federal law."  *Grable & Sons Metal Prods., Inc. v. Darue*, 545 U.S. 308, 312 (2005).  Neither of the state law claims at issue in this case turn on questions of federal law.

Federal supplemental subject matter jurisdiction over state law claims "is extended at the discretion of the court and is not a plaintiff's right."  *TV Commc'ns*

*Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."  *Carnegie-Mellon Univ.*, 484 U.S. at 350.  If federal claims are dismissed before trial, leaving only issues of state law, the federal district court should ordinarily decline to exercise supplemental jurisdiction by dismissing the case without prejudice.  *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (citing *Carnegie-Mellon Univ.*, 484 U.S. at 350).

The instant suit is not yet at trial, so issues of judicial economy and fairness are not implicated here.  *See Carnegie-Mellon Univ.,* 484 U.S. at 350.  Additionally, there are no Colorado entities remaining in this suit.  In essence, this case has evolved into an action between companies and individuals in India and an individual who lives in Scotland, and is about business dealings in India.  There is no connection to the United States, much less Colorado.

Therefore, the Court finds it to decline to exercise supplemental jurisdiction over the remaining claims and dismiss them without prejudice.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. A reasonable attorney fee for the work expended by Counter-Plaintiffs' counsel is $57,032.80 (inclusive of costs) and Counter-Plaintiffs shall recover this amount as damages for the abuse of process claim;

2.      The Court DECLINES supplemental jurisdiction over Counter-Plaintiffs' claims for

        breach of contract and unjust enrichment;

3.      Counter-Plaintiffs' claims for breach of contract and unjust enrichment are

        DISMISSED WITHOUT PREJUDICE; and

4.      The Clerk shall enter judgment in favor of Counter-Plaintiffs and against Counter-

        Defendant Paul Strachan in the amount of $57,032.80, plus post-judgment

        interest at the statutory rate.


        Dated this 15th day of October, 2013.

                                              BY THE COURT:


                                              _____
                                              William J. Martinez
                                              United States District Judge